## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWENDOLINE BANGO-HLONGWA, ) | |
| ) | |
| Pro se Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07CV1555 (RMU) |
| ) | |
| UNITED STATES _____) | |
| ) | |
| Defendant. ) | |
| _____) | |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Defendant, through counsel, move this Court for an Order dismissing this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

Pro se Plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988). In support of this Motion, Defendant respectfully refers the Court to the attached Memorandum of Points and Authorities and proposed order.

September 10, 2007                    Respectfully submitted,

                              _____
                                    s/
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney


                              _____
                                    s/
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney

_____ s/
_____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GWENDOLINE BANGO-HLONGWA,** | ) | |
| | ) | |
| <u>Pro se</u> **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07CV1555 (RMU)** |
| | ) | |
| **UNITED STATES** _____ | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff filed the instant Complaint seeking $5,000 in damages for alleged conduct by a

Deputy Clerk of the United States District Court of the District of Columbia, occurring on or

about March 8, 2007. <u>See</u> Complaint. To the extent Plaintiff alleges tortious behavior by the

Deputy Clerk, Plaintiff's effort is fatally flawed because she has not exhausted her administrative

remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Moreover,

because Plaintiff's claim sounds in the common law tort of deceit or fraud, and the individually

named Defendant is not an investigative or law enforcement officer of the United States

Government, the provisions of the FTCA waiving sovereign immunity are inapplicable. <u>See</u> 28

U.S.C. § 2680(h). Lastly, even if the Court found that the conduct was not excluded from the

FTCA, the alleged tortfeasor should be afforded absolute immunity.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff originally filed this matter in the Superior Court of the District of Columbia. To

the extent that Defendant can discern Plaintiff's Complaint, it appears that she is alleging that

LaTanau Scott, a Deputy Clerk of the United States District Court for the District of Columbia,

lied about and/or misrepresented information about Plaintiff's prior cases to the Court.  A PACER search reveals that Plaintiff recently filed three cases in the District Court, all of which were dismissed with prejudice on the date of filing.  See Exhibit 1 (Bango-Hlongwa v. Mount Sinai Medical Center, 07cv456 (filed and dismissed on March 8, 2007, by Judge Ricardo M Urbina)); (Bango v. Calaris, et al., 07cv533 (filed and dismissed on March 19, 2007, by Judge Ricardo M. Urbina)); and (Bango-Hlongwa v. Mount Sinai Medical Center, 07cv1114 (filed and dismissed on June 21, 2007, by Judge Colleen Kollar-Kotelly)).

On August 31, 2007, Defendant filed a Notice of Removal from the Superior Court of the District of Columbia.  See docket entry 1.

## ARGUMENT

### I.    Legal Standards

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), as the Court lacks jurisdiction over the subject matter.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999), aff'd 38 Fed. Appx. 4 (D.C. Cir. 2002).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004).  In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."

2

Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

Furthermore, the purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996). A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). A court should dismiss a complaint for failure to state a claim when the complaint fails "to raise a right to relief above the speculative level." E.g., Bell Atlantic v. Twonbly, 1275 S.Ct. 1955, 1956 (2007). The court need not accept as true the plaintiff's legal conclusions. See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997). In determining whether a complaint fails to state a claim, the Court may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which it may take judicial notice. See E.E.O.C. v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-625 (D.C. Cir. 1997). From the facts alleged in the complaint in this case, Plaintiff can prove no set of facts that would entitle her to relief.

## II.    The United States Shall Be Substituted As Defendant In This Action

In this case, Plaintiff filed suit against LaTanau Scott, a Deputy Clerk employed at the United States District Court for the District of Columbia, alleging a tort arising from her actions taken as a deputy clerk. See Complaint and attachments thereto. When a federal employee is sued for a wrongful or negligent act, the United States Attorney General, or by designation the United States Attorney in the district where the claim is brought (or his designee), may certify that the employee was acting at the time within the scope of her employment. See 28 U.S.C. §

3

2679(d)(1).  Specifically, this statute provides:

> Upon certification by the Attorney General that the defendant employee was acting
> within the scope of his office or employment at the time of the incident out of
> which the claim arose, any civil action or proceeding commenced upon such claim
> in a United States district court shall be deemed an action against the United States
> under the provisions of this title and all references thereto, and the United States
> shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1) (emphasis added).   In short, where the Attorney General's designee has

filed a certification that the original defendant was acting within the scope of her employment,

such certification has the following two effects: (1) it requires the substitution of the United States

for the federal employee as the defendant in the lawsuit; and (2) it converts the lawsuit into an

action against the United States under the FTCA.  See 28 U.S.C. §§ 1346(b), 2671 et seq.; see

also Haddon v. United States, 68 F.3d 1420, 1423 (D.C. Cir. 1995); Vanover, 77 F. Supp.2d at 97.

Included with Defendant's previously filed Notice of Removal, is a Certification of

Rudolph Contreras, Civil Chief, United States Attorney's Office for the District of Columbia,

certifying that Defendant LaTanau Scott was acting within the scope of her authority as an

employee of the United States at the time of the alleged incident.  Accordingly, the suit becomes

one against the United States under the FTCA.  See Haddon, 68 F.3d at 1423; Gustave-Schmidt v.

Chao, 226 F. Supp.2d 191, 200 (D.D.C. 2002).

## III.    This Court Lacks Subject Matter Jurisdiction To Hear This Action

The doctrine of sovereign immunity bars all suits against the United States except where

such immunity is expressly waived by Congress.  See United States v. Testan, 424 U.S. 392, 399

(1976).  The sovereign immunity of the United States protects it and its agencies from suit absent

an express waiver.  See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); United States v. Nordic

4

Village, 503 U.S. 30, 33-34 (1992) (waivers must be "unequivocally expressed"); United States v.

Mitchell, 445 U.S. 535, 538 (1980); Information Sys. & Networks Corp. v. United States

Department of Health & Human Servs., 970 F. Supp. 1, 3 (D.D.C. 1997) ("Defendants, as federal

agencies, are immune from suit unless the government has expressly waived that immunity.")

(citation omitted).

Sovereign immunity is jurisdictional. As the Supreme Court has recognized, the "terms of

[the United States'] consent to be sued in any court define that court's jurisdiction to entertain the

suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); see also Alexander v. Americans

United, Inc., 416 U.S. 752, 767 n.5 (1974) (Blackmun, J., dissenting). When a plaintiff seeks

monetary relief for torts against the United States or a department of the United States, the only

possible basis for relief is under the FTCA. The FTCA authorizes district courts to hear suits

against the United States

> for money damages ... for injury or loss of property, or personal injury or death
> caused by the negligent or wrongful act or omission of any employee of the
> Government while acting within the scope of his office or employment, under
> circumstances where the United States, if a private person, would be liable to the
> claimant in accordance with the law of the place where the act or omission
> occurred.

28 U.S.C. § 1346(b); see also Cope v. Scott, 45 F.3d 445, 447 (D.C. Cir. 1995).

The FTCA mandates that "[a] tort claim against the United States shall be forever barred

unless it is presented in writing to the appropriate Federal agency within two years after such

claim accrues or unless action is begun within six months after the date of mailing by certified or

registered mail of notice of final denial of the claim by the agency to which it was presented." 28

U.S.C. § 2401(b) (emphasis added); Kubrick v. United States, 444 U.S. 111, 117-18 (1979)

(noting that Courts are not to extend this waiver of sovereign immunity beyond what Congress intended). Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." Houston v. United States Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987) (emphasis in original) (citing numerous cases). See also Willis v. United States, 719 F.2d 608, 612 (2d Cir. 1983); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980).

The FTCA required that Plaintiff file an administrative claim with the Administrative Office of the United States Courts. Plaintiff provides no information to demonstrate that she has done so. Accordingly, she has failed to exhaust her administrative remedies and this action should be dismissed for lack of subject matter jurisdiction. Kubrick, 444 U.S. at 117-18.

In addition, because plaintiff's claim sounds in the common law tort of deceit or fraud, and the individually named Defendant is not an investigative or law enforcement officer of the United States Government, the provisions of the FTCA waiving sovereign immunity are inapplicable. See 28 U.S.C. § 2680(h). Thus, Plaintiff fails to state a claim upon which relief may be granted, and her case should be dismissed with prejudice. See Fed. R. Civ. P. 12(b)(6).

## IV.    Defendant Is Entitled To Absolute Immunity

To the extent Plaintiff states her claim intelligibly, it appears that she complains about activity performed by a Deputy Clerk during the course of her employment. The Circuit squarely addressed this issue in Sindram v. Suda, 986 F.2d 1459 (D.C. Cir.), reh'g en banc denied, (1993). In that case, Michael Sindram, a frequent filer like Plaintiff here, sued two judges and several clerks of the D.C. Superior Court. See id. at 1460. Specifically, Sindram complained about the court clerks' "assistance in preparing and dissemination of the opinion of one of the defendant

6

judges; their directing plaintiff's causes of action to the defendant judges; and their instituting an erroneous order against Plaintiff barring his access to the court . . ." See id. at 1461 (internal quotations omitted).  The District Court dismissed the case relying on the doctrine of judicial absolute judicial immunity.  See id. at 1460.

On appeal, the Circuit adopted "the holding of numerous other circuits that clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process."  See id. (citations omitted).  In so holding, the Court noted that "if immunity were not extended to clerks, courts would face the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly [would] vent their wrath on clerks, court reporters, and other judicial adjuncts."  See id. at 1461 (citations and internal quotations omitted).

In this case as in Sindram, the Defendant is entitled to absolute immunity; thus, Plaintiff's case should be dismissed with prejudice.

## CONCLUSION

Because Plaintiff failed to exhaust her administrative remedies under the FTCA, this Court should dismiss the Complaint for lack of subject matter jurisdiction.  Additionally, because Plaintiff fails to state a claim upon which relief may be granted, this Court should dismiss this case with prejudice.  Lastly, Defendant is entitled to absolute immunity.

September 10, 2007                                    Respectfully submitted,


                              _____/s/_____
                              JEFFREY A. TAYLOR, D.C. Bar #498122
                              United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Defendant's Motion to Dismiss, was sent via first

class mail on the 10th day of September, 2007, to the following:

Ms. Gwendoline Bango-Hlongwa
CCNV Federal City Shelter
425 2nd Street, N.W.
Washington, D.C. 20001

_____/s/_____
Karen L. Melnik
Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**GWENDOLINE BANGO-HLONGWA,**    )
    )
    **Pro se Plaintiff,**    )
    )
**v.**    )    **Case No. 07CV1555 (RMU)**
    )
**UNITED STATES** _____)
    )
    **Defendant.**    )
_____)

### ORDER

UPON CONSIDERATION of Defendant's motion to dismiss, and the entire record

herein, it is this ___ day of _____, 2007, hereby

ORDERED, that Defendant's motion to dismiss is hereby GRANTED; and it is

FURTHER ORDERED, that this case is dismissed with/without prejudice.


_____
UNITED STATES DISTRICT JUDGE


Copies of this Order to:

Karen L. Melnik
Assistant U.S. Attorney
Judiciary Building
555 Fourth Street, N.W., Rm. E-4112
Washington, D.C.  20530

Ms. Gwendoline Bango-Hlongwa
CCNV Federal City Shelter
425 2nd Street, N.W.
Washington, D.C. 20001

# Exhibit 1

CLOSED, PROSE-NP, TYPE-L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00456-UNA

BANGO-HLONGWA v. MOUNT SINAI MEDICAL
CENTER
Assigned to: Unassigned
Cause: 42:1983 Civil Rights Act

Date Filed: 03/08/2007
Date Terminated: 03/08/2007
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**GWENDOLINE BANGO-
HLONGWA**

represented by **GWENDOLINE BANGO-
HLONGWA**
1312 Massachusetts Avenue, NW
Apartment 606
Washington, DC 20005
(202) 491-6169
PRO SE

V.

**Defendant**

**MOUNT SINAI MEDICAL
CENTER**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/08/2007 | 1 | COMPLAINT against MOUNT SINAI MEDICAL CENTER filed by GWENDOLINE BANGO-HLONGWA. ATTACHMENTS(ls, ) (Entered: 03/09/2007) |
| 03/08/2007 | | SUMMONS Not Issued as to MOUNT SINAI MEDICAL CENTER (ls, ) (Entered: 03/09/2007) |
| 03/08/2007 | 2 | MOTION for Leave to Proceed in forma pauperis by GWENDOLINE BANGO-HLONGWA. (ls, ) (Entered: 03/09/2007) |
| 03/08/2007 | 3 | MEMORANDUM OPINION. Signed by Judge Ricardo M. Urbina on 2/12/07. (ls, ) (Entered: 03/09/2007) |
| 03/08/2007 | 4 | ORDER DISMISSING PRO SE CASE WITH PREJUDICE; Further ordered that plantiff's application to proceed in forma pauperis [#2] is granted; . Signed by Judge Ricardo M. Urbina on 2/12/07. (ls, ) (Entered: 03/09/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/07/2007 13:28:09 | | | |
| **PACER Login:** | us0796 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-00456-UNA |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

CLOSED, PROSE-NP, TYPE-L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00533-UNA

BANGO-HLONGWA v. CALARIS et al
Assigned to: Unassigned
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 03/19/2007
Date Terminated: 03/19/2007
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**GWENDOLINE BANGO-HLONGWA**

represented by **GWENDOLINE BANGO-HLONGWA**
1312 Massachusetts Avenue, NW
Apartment 606
Washington, DC 20005
(202) 491-6169
PRO SE

V.

**Defendant**

**PAT CALARIS**
*Lnadlord*

**Defendant**

**ALBERTO CARDET**
*Attorney for Plantiff/Landlor*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/19/2007 | 1 | COMPLAINT against PAT CALARIS, ALBERTO CARDET (Filing fee $ 0.00) filed by GWENDOLINE BANGO-HLONGWA.(jf, ) (Entered: 03/22/2007) |
| 03/19/2007 | | SUMMONS Not Issued as to PAT CALARIS, ALBERTO CARDET (jf, ) (Entered: 03/22/2007) |
| 03/19/2007 | 2 | MOTION for Leave to Proceed in forma pauperis by GWENDOLINE BANGO-HLONGWA (jf, ) (Entered: 03/22/2007) |
| 03/19/2007 | 3 | MEMORANDUM AND OPINION. Signed by Judge Ricardo M. Urbina on 2/12/07. (jf, ) (Entered: 03/22/2007) |
| 03/19/2007 | 4 | ORDER DISMISSING CASE with prejudice for lack of subject matter jurisdiction, further ordered, granting [2] MOTION for Leave to Proceed |

in forma pauperis. Signed by Judge Ricardo M. Urbina on 2/12/07. (jf, )
(Entered: 03/22/2007)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/07/2007 13:28:56 | | | |
| PACER Login: | us0796 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:07-cv-00533-UNA |
| Billable Pages: | 1 | Cost: | 0.08 |

CLOSED, PROSE-NP, TYPE-L

# U.S. District Court
## District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:07-cv-01114-UNA

BANGO-HLONGWA v. MOUNT SINAI MEDICAL CENTER
Assigned to: Unassigned
Cause: 42:1983 Civil Rights Act

Date Filed: 06/21/2007
Date Terminated: 06/21/2007
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**GWENDOLINE BANGO-HLONGWA**

represented by **GWENDOLINE BANGO-HLONGWA**
1312 Massachusetts Avenue, NW
Apartment 606
Washington, DC 20005
(202) 491-6169
PRO SE

V.

**Defendant**

**MOUNT SINAI MEDICAL CENTER**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/21/2007 | 1 | COMPLAINT against MOUNT SINAI MEDICAL CENTER filed by GWENDOLINE BANGO-HLONGWA.(ls, ) (Entered: 06/21/2007) |
| 06/21/2007 | | SUMMONS Not Issued as to MOUNT SINAI MEDICAL CENTER (ls, ) (Entered: 06/21/2007) |
| 06/21/2007 | 2 | MOTION for Leave to Proceed in forma pauperis by GWENDOLINE BANGO-HLONGWA (ls, ) (Entered: 06/21/2007) |
| 06/21/2007 | 3 | MEMORANDUM OPINION Signed by Judge Colleen Kollar-Kotelly on 5/21/07. (ls, ) (Entered: 06/21/2007) |
| 06/21/2007 | 4 | ORDER DISMISSING PRO SE CASE WITH PREJUDICE; Further ordered that plaintiff's application to proceed in forma pauperis [#2] is granted. Signed by Judge Colleen Kollar-Kotelly on 5/21/07. (ls, ) (Entered: 06/21/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/07/2007 13:29:38 | | | |
| PACER Login: | us0796 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:07-cv-01114-UNA |
| Billable Pages: | 1 | Cost: | 0.08 |